# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2012

Lyle W. Cayce
Clerk

No. 11-40660
Summary Calendar

PETE WILSON,

Plaintiff-Appellant,

versus

KISHA STOTTS,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:11-CV-70

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pete Wilson, Texas prisoner # 664445, filed a 42 U.S.C. § 1983 complaint

against Kisha Stotts, a corrections officer working in the prison library. Wilson

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alleging that Stotts had falsely accused him of paying another inmate for legal assistance; prison officials locked up the other inmate, because such payments are against prison policy; this prohibited Wilson from having any contact with the inmate at a critical time during his correspondence with the Innocence Project; after Wilson filed a grievance, Stotts harassed him when he used the law library by telling him not to talk loudly and ordering him to sign in; Wilson avoided using the library because of this harassment; and his case against Stotts was about retaliation.

For the reasons assigned in the magistrate judge's report as well as in its own order, the district court dismissed the action as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b)(1). The court denied Wilson leave to proceed *in forma pauperis* ("IFP") on appeal, certifying that the appeal was not taken in good faith. Wilson moves this court for leave to proceed IFP.

The motion constitutes a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted). "When the prisoner opts to challenge the certification decision, the motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Neither Wilson's IFP application nor his supporting brief addresses the certification decision in any meaningful way. He asserts only that the decision was wrong and that retaliation continues in prison, but he never specifically addresses whether he is the target of the alleged retaliation. Because Wilson has failed to challenge the reasons for decision or to show that the appeal raises a nonfrivolous issue, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See id.* at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of Wilson's appeal as frivolous counts as a strike for pur-

No. 11-40660

poses of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Wilson is cautioned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is "under imminent danger of serious physical injury." *See* § 1915(g).